```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                      PLAINTIFF

    v.                CASE NO. 12-50065-001

TAMMY LEWIS                                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the **Defendant's Motion for Pre-Sentence Release (Doc. 23).** On December 6, 2012, Defendant pled guilty, pursuant to a written written plea agreement, to Count Two of the indictment charging her with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On that same day, Defendant filed the motion now before the Court, seeking to be released for one week pending her sentencing so that she may spend time with her mother. Defendant states that her mother is suffering from cancer and "will not survive Defendant's expected prison sentence." Defendant asserts that she "meets certain of the requirements" set out in 18 U.S.C. § 1343. According to the Defendant, the Government has no objection to the motion.

As Defendant pled guilty to a drug offense for which the maximum penalty exceeds ten years, she must be detained pursuant to 18 U.S.C. § 3143(a)(2), unless:

    (A)(i)   the judicial officer finds there is a substantial likelihood that a motion for

|  | acquittal or new trial will be granted; or |
|---|---|
| (ii) | an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and |
| (B) | the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. |

Defendant does not allege that she meets the requirements of either § 3143(a)(i) or (ii). Accordingly, Defendant cannot be released pursuant to § 3143.

The only other avenue of release pending sentencing is 18 U.S.C. § 3145(c), which requires a clear showing of "exceptional reasons why ... detention would not be appropriate." The Eighth Circuit Court of Appeals has construed "exceptional" as meaning "clearly out of the ordinary, uncommon, or rare." United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007). As stated in United States v. Anderson, No. 04-40094-01-SAC, *1 (D. Kan. Nov. 16, 2005), a parent's "ill health and the possibility of [the parent] dying before the defendant is released from prison is certainly a regrettable and emotional circumstances, but it is not unlike the other sorrowful and painful family circumstances often accomapnying criminal cases." See also United States v. Bean,

No. 3:11-00194-02, * (M.D. Tenn. Nov. 27, 2012) (noting that caring for ill family members has generally not been considered as an "exceptional reason" within the meaning of § 3145(c)). While the undersigned is certainly sympathetic to Defendant's situation, it does not appear that this situation qualifies as an exceptional reason warranting Defendant's release pursuant to § 3145(c).

Based upon the foregoing, the undersigned recommends **DENYING Defendant's Motion for Pre-Sentence Release (Doc. 23). The parties have fourteen days from receipt of the undersigned's report and recommendation in which to file written objections pursuant to 28 U.S.C. §636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE